BOWMAN v. BODEY.

1. ACCOUNTING—PARTNERSHIP—FRAUD—GOOD WILL—EVIDENCE.
    Evidence presented in suit for accounting as to partnership in operating a cafeteria *held*, to have failed to prove that defendant had actually cheated or defrauded plaintiff of any money or to have established a "good will" or "going concern" value of the business within the degree of certainty required.

2. PARTNERSHIP—FRAUD—BURDEN OF PROOF—EVIDENCE.
    A partner, alleging fraud against a copartner, has the burden of establishing such fact by clear and satisfactory proof.

3. SAME—GOOD FAITH—BURDEN OF PROOF.
    Defendant partner who continued cafeteria business on a third-party corporation's premises under a subsequent lease after the corporation had terminated the lease with the partnership did not have the burden of establishing that such subsequent lease was entered into in good faith.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur, Partnership § 323 *et seq.*
[2] See, generally, 24 Am Jur, Fraud and Deceit § 262.
[3] 40 Am Jur, Partnership § 134.
[4] 40 Am Jur, Partnership § 324.

4. ACCOUNTING—PARTNERSHIP—TERMINATION OF LEASE—FRAUD.

A corporation's right to terminate its lease and supplemental
agreement as to operation of cafeteria on its premises, and
its decision that plaintiff partner could not continue in the
operation of the cafeteria did not afford plaintiff a right to
relief by way of accounting against remaining partner who
continued operation of the business under a subsequent lease
in the absence of plaintiff's affirmative showing of fraud on
the part of defendant partner.

Appeal from Muskegon; Beers (Henry L.), J.
Submitted January 5, 1955. (Docket No. 10, Calen-
dar No. 46,295.) Decided March 9, 1955. Rehearing
denied June 7, 1955.

Bill by Eunice Bowman against Viola Bodey for
accounting, money judgment and to impress con-
structive trust on business formerly operated as
partnership. Decree for defendant. Plaintiff ap-
peals. Affirmed.

*Street & Sorensen* (*Harold M. Street,* of counsel),
for plaintiff.

*Balgooyen, Parmenter & Forsythe* (*H. J. Steen-
dam,* of counsel), for defendant.

KELLY, J. Plaintiff and defendant are sisters.
They entered into a lease and supplemental agree-
ment with the Lakey Foundry Corporation, of Mus-
kegon, to operate its cafeteria for its officers and em-
ployees, with rights to retain all profits derived
from said operation, plus $300 a month subsidy.

After 13 months' operation under the lease and
supplemental agreement, the corporation exercised
its right of termination giving as its reason that dis-
agreements between plaintiff and defendant were of
such a nature that it seriously affected the proper
conduct of the cafeteria business.

The corporation then contracted with the defendant to continue on with the cafeteria. Plaintiff filed her bill in equity claiming that the defendant falsely reported to the corporation that plaintiff was causing dissension and by such false reports defendant induced said corporation to terminate the lease under which the business had been operating and procured from the officials a lease of the premises in her name only.

The cause of the dissension was primarily based upon a dispute between plaintiff and defendant as to the manner in which defendant was keeping the books.

Extensive testimony was taken before the court which resulted in the decree of the court dismissing plaintiff's bill of complaint. The court stated in its opinion that there was a total lack of proof that the defendant was guilty of underhanded dealing, and to the contrary the record proved that defendant made a very serious attempt to continue the business and include her sister in it but that it became impossible to do so by circumstances entirely beyond her control and by circumstances largely brought about by the actions of plaintiff herself.

Both in oral arguments and briefs submitted, the plaintiff conceded that she was unable to prove that defendant actually cheated or defrauded the plaintiff of any money, and further that it was impossible for plaintiff to establish a "good will" or "going concern" value of the business within the degree of certainty required by law, and that, therefore, this approach was abandoned in favor of a constructive trustee theory.

The vice-president, the personnel director, and the secretary of the corporation, as well as 2 union officials, testified. All of their testimony establishes that the lease and supplemental agreement were terminated with plaintiff and defendant because of the

actions of the plaintiff and not because of any underhand effort on the part of the defendant.

We cannot agree with the contention of appellant that the burden of proof was upon the appellee to prove that the lease between the corporation and appellee was entered into in good faith. In *Rinke* v. *Rinke,* 330 Mich 615, this Court held that where a partner alleges fraud against a copartner, the burden rests on the party claiming the fraud to establish such fact by clear and satisfactory proof.

The corporation had the right to terminate the lease and supplemental agreement, and it was the corporation's decision that plaintiff could not continue as a partner of defendant in the operation of the cafeteria.

Affirmed, costs to appellee.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.

SMITH, J., took no part in the decision of this case.